NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE: ROBERT BENSON AYLOR, I, LEIGH HEATHER MAKOVER, ROBYN AYLOR HAINES,**
*Appellants*

---

2025-1192

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 15/950,246.

---

Decided: September 8, 2025

---

ROBERT BENSON AYLOR, I, Blue Ash, OH, pro se.

LEIGH HEATHER MAKOVER, Mt. Horeb, WI, pro se.

ROBYN AYLOR HAINES, Franklin, TN, pro se.

KAKOLI CAPRIHAN, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, for appellee Coke Morgan Stewart. Also represented by MICHAEL S. FORMAN, MONICA BARNES LATEEF, AMY J. NELSON.

---

Before MOORE, *Chief Judge*, CHEN, *Circuit Judge*, and ANDREWS, *District Judge*.[1]

PER CURIAM.

Appellants Robert B. Aylor, L. Heather Makover, and Robyn A. Haines appeal a decision from the Patent Trial and Appeal Board (the "Board"). We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(A).

## BACKGROUND

Appellants are the inventors of U.S. Patent Application No. 15/950,246 (the "'246 application"). The Examiner rejected the pending claims of the '246 application as anticipated or obvious in light of Appellants' prior patent applications (the "Aylor references"). Appellants argued they submitted an Application Data Sheet ("ADS") with the '246 application claiming priority from the Aylor references, which prevents them from being used as prior art against the '246 application claims. The Examiner determined Appellants did not properly submit or amend the ADS. The Examiner maintained the rejections.

Aylor appealed to the Board. The Board affirmed the Examiner's rejections. The Board also issued two new rejections: an anticipation rejection for some claims and an obviousness rejection for other claims. Appellants requested a rehearing, which the Board denied. This appeal followed.

Appellants raise four issues on appeal: (1) whether the Board properly affirmed the Examiner's rejection over the Aylor references, (2) whether the Board properly issued new rejections, (3) whether the Board's new rejections are supported by substantial evidence, and (4) whether

---

[1] Honorable Richard G. Andrews, District Judge, United States District Court for the District of Delaware, sitting by designation.

Appellants are entitled to a patent term adjustment and costs in light of a supposedly premature notice of abandonment. We reach only the first and fourth issues.

## LEGAL STANDARD

We may set aside the Board's actions if "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). "We review the Board's factual findings for substantial evidence and review its legal conclusions de novo." *In re Cuozzo Speed Techs., LLC*, 793 F.3d 1268, 1280 (Fed. Cir. 2015) (citing *In re Baxter Int'l, Inc.*, 678 F.3d 1357, 1361 (Fed. Cir. 2012)).

"Determination of a patent's priority date is purely a question of law if the facts underlying that determination are undisputed." *Medtronic CoreValue, LLC v. Edwards Lifesciences Corp.*, 741 F.3d 1359, 1363 (Fed. Cir. 2014) (citing *E.I. du Pont de Nemours & Co. v. MacDermid Printing Sols., LLC*, 525 F.3d 1353, 1359 (Fed. Cir. 2008)).

## DISCUSSION

Appellants do not challenge that the '246 application claims are anticipated by or obvious in light of the Aylor references, if the Aylor references are prior art. Appellants argue the Aylor references are not prior art because the '246 application claims priority from them. The underlying facts concerning priority are not in dispute, so we review the Board's decision *de novo*.

A U.S. patent application can claim priority from an earlier-filed U.S. patent application to gain the benefit of the earlier-filed application's priority date. 35 U.S.C. § 120. Several requirements must be met to gain this benefit, one of which is the later-filed application must "contain a specific reference to the earlier filed application." *Id.* Under the regulations, a patent application must provide "the application number, the filing date, the status (including patent number if available), and relationship of each application for which a benefit is claimed." 37 C.F.R.

§ 1.76(b)(5). This information must be submitted as part of the ADS. *Id.* § 1.76(a); *id.* § 1.78(d)(2). The claim for priority must "be submitted within the later of four months from the actual filing date of the later-filed application or sixteen months from the filing date of the prior-filed application." *Id.* § 1.78(d)(3)(ii). If the deadline to file an ADS claiming priority has passed, an applicant may file a petition with an ADS, certifying that "the date the benefit claim was filed was unintentional." *Id.* § 1.78(e).

Appellants filed the '246 application on April 11, 2018. *See* SAppx. 72.[2] Appellants included an ADS with the filing and attempted to claim priority from earlier-filed applications. The ADS included the earlier-filed applications' publication numbers, but it did not have their application numbers. *See* SAppx. 36. In a filing receipt sent on May 8, 2018, Appellants were notified that no priority was claimed and were directed to the relevant regulations. SAppx. 72. Appellants filed a replacement ADS on May 21, 2018, but it too did not include the application numbers. SAppx. 215, 221. Appellants received an updated filing receipt on May 24, 2018, again stating that no priority was claimed and directing Appellants to the relevant regulations. SAppx. 226. Appellants took no further steps to correct the ADS.[3]

"Section 120 places the burden on the patent owner to provide a clear, unbroken chain of priority." *Droplets, Inc. v. E\*TRADE Bank*, 887 F.3d 1309, 1317 (Fed. Cir. 2018) (citing *Medtronic*, 741 F.3d at 1366). We have previously declined to adopt an exception to the requirements under section 120 and the regulations for a "hypertechnical violation" in claiming priority. *Droplets*, 887 F.3d at 1316. The

---

[2] "SAppx." refers to the supplemental appendix filed by the government.

[3] According to the Board, Appellants' deadline to submit a proper ADS was August 13, 2018. Appellants do not dispute this.

regulations require that Appellants provide, in the ADS for a patent application, the application numbers for all patent applications from which the pending application claims priority. 37 C.F.R. § 1.76(a); *id.* § 1.76(b)(5). Appellants failed to meet that requirement. Thus, the Board properly affirmed the Examiner's use of the Aylor references as prior art.

Appellants request a ruling that a notice of abandonment issued by the Patent Office was improper. After the notice of abandonment issued, Appellants filed a petition to revive the application, which the Patent Office granted. SAppx. 640–41. The revival moots the need for the requested ruling. Appellants also request a patent term adjustment based on the purportedly improper notice of abandonment. Patent term adjustments apply only to issued patents. *See* 35 U.S.C. § 154(b). No patent has issued from the '246 application. And any challenge to a patent term adjustment decision must be brought in the Eastern District of Virginia. *Id.* § 154(b)(4)(A). We lack jurisdiction over the abandonment and patent term adjustment issues.

Appellants also request costs associated with filing the petition to revive their application. Appellants cite no authority showing they are entitled to such costs, or that they requested the costs from the Patent Office or the Board. Since Appellants have offered nothing in support of their argument, it is forfeited and the request is denied.

CONCLUSION

For the reasons stated above, we affirm the Board's rejection of the '246 application claims. We dismiss Appellants' request for a patent term adjustment and ruling that the notice of abandonment was improper.

**AFFIRMED IN PART AND DISMISSED IN PART**

COSTS

No costs.